IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| ROBERT HIRSCH and ROCCO J. DeLEONARDIS,  <br>  Plaintiffs,  <br>  v.  <br>  ROBERT JOHNSON and ADAM ROMNEY,  <br>  Defendants. | )  <br> )  <br> )  <br> )  <br> )  Civil Action No. 1:14-cv-332-JCC-TRJ  <br> )  <br> )  <br> )  <br> )  <br> ) |

**REPORT AND RECOMMENDATION**

This matter is before the court on plaintiffs' motion for default judgment (no. 22) against defendant Robert Johnson. For the reasons discussed below, the magistrate judge makes findings as follows, and conditionally recommends that default judgment be entered in plaintiffs' favor as to liability with a supplemental hearing to be held as to damages.

**I. Background**

On March 31, 2014, plaintiffs Robert Hirsch and Rocco J. DeLeonardis filed a complaint against Robert Johnson and Adam Romney[1] for claims arising out of an assignment of legal interests. On April 8, 2014, process was served by posting on defendant Robert Johnson by private process server. No. 6. Defendant Johnson has not answered or otherwise responded to the complaint, and the Clerk has entered default as to defendant Robert Johnson.

On September 19, 2014, plaintiffs filed the instant motion for default judgment as to defendant Johnson. On October 3, 2014, counsel for plaintiffs appeared before the undersigned

---

[1] Defendant Adam Romney was terminated as a party to this civil action on June 26, 2014.

and no one appeared on behalf of defendant Johnson.  On October 17, 2014, plaintiffs filed their memorandum in support of default judgment (no. 26) and on January 12, 2015, plaintiffs filed a supplemental brief in support of default judgment (no. 31) as ordered by the court.[2]

## II.  Standard

Under Federal Rule of Civil Procedure 55, default judgment is appropriate if the well-pled allegations of the complaint establish a plaintiff's entitlement to relief and defendant has failed to plead or defend within the time frames contained in the rules.  Fed. R. Civ. P. 55; *Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985).  By defaulting, a defendant admits plaintiff's well-pled allegations of fact, which then provide the basis for judgment.  *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001); *Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) (default has the effect of admitting factual allegations in the complaint).  Here, as defendant Robert Johnson has not answered or timely responded to this suit, defendant has admitted the well-pled allegations of fact contained in the complaint.

## III.  Facts

The following facts are established by the well-pled allegations of the complaint and the exhibits attached thereto.

Plaintiff Robert Hirsch is a resident of New York and plaintiff Rocco J. DeLeonardis is a resident of Virginia.  Compl. ¶¶ 1-2, No. 1.  Defendant Robert Johnson resides in Arizona and is a resident of Texas and Arizona.  Compl. ¶ 3.

---

[2] The magistrate judge ordered plaintiffs to file a supplemental brief "showing (a) why service of the summons and complaint on defendant Johnson is proper under the Federal Rules of Civil Procedure, (b) why, assuming good service, this court has personal jurisdiction over defendant Johnson, (c) why venue is appropriate in this judicial district, (d) why Virginia law applies, (e) why the well-pled allegations of the complaint are sufficient for findings of liability by defendant Johnson on each count of the complaint, and (f) the basis for the amounts claimed in damages, fees, and costs."  No. 28.

From July 2009 to October 2013, plaintiffs provided defendant Johnson with Arizona legal counsel and plaintiff DeLeonardis, a Virginia attorney, provided legal work and assistance in the prosecution of civil action no. CV2007-009523, the "*Wanckuk* Litigation," filed in Arizona. Compl. ¶¶ 10, 13. In exchange, on December 15, 2011, Johnson, individually and on behalf of Tightlines International, executed an Assignment of Claims, Defenses, and Interests before an Arizona notary, assigning Hirsch and DeLeonardis a sixty-five percent interest in the litigation, including any proceeds of recovery. Compl. ¶¶ 8, 12 & Ex. 2 ("Assignment of Claims").

In December 2012, DeLeonardis and dismissed-defendant Adam Romney signed a retainer agreement whereby Romney would act as attorney for plaintiffs in their capacity as assignees and interested parties in the *Wanckuk* Litigation. Compl. ¶ 14 & Ex. 1 ("Retainer Agreement").

After thirteen years of litigation in Nevada and Arizona, the *Wanckuk* Litigation settled during a mediation hearing in Arizona. Compl. ¶¶ 17-19. On October 24, 2013, the parties to that litigation executed a Settlement Agreement and Release for $200,000. Compl. ¶ 19 & Ex. 4 ("Settlement Agreement"). On November 1, 2013, the *Wanckuk* defendants wired this amount to Romney's escrow account. Compl. ¶ 20 & Ex. 5 ("Wire Transfer").

Despite their repeated demands, Romney has refused to disburse to Hirsch and DeLeonardis their share of the settlement proceeds without first receiving approval from Johnson. Compl. ¶ 22. Johnson has instructed Romney not to disburse the funds in accordance with the terms of the Assignment of Claims, stating that he does not recall executing the agreement and that the agreement is not valid. Compl. ¶¶ 25, 32, 41. Johnson also made false "overtures" to state and federal authorities of criminal conduct on the part of Hirsch with respect

to the assignment. Compl. ¶ 43. In the instant complaint, plaintiffs allege breach of contract, repudiation of contract, tortious interference with a retainer agreement, and fraud against Johnson, seeking damages of $130,000 on the Assignment of Claims, $70,000 in compensatory damages, and unspecified damage in excess of $1,000,000. Compl. ¶ 30.

### IV.  Service of Process

Plaintiffs elected to attempt service of process upon Johnson pursuant to Fed. R. Civ. P. 4(e)(1), in accordance with the law of "the state where the district court is located or where service is made."

Plaintiffs assert that they properly served Johnson pursuant to Va. Code § 8.01-296. Mem. Supp. Default. J. 2, No. 26. If the party is not found at his usual place of abode, this provision allows for substituted service "by posting a copy of such process at the front door . . . of such place of abode." Va. Code § 8.01-296(2)(b). Here, on April 8, 2014, a private process server caused a copy of the summons and complaint to be posted on the door of Johnson's last known address in Tempe, Arizona. Mem. Supp. Default J. 2 & Ex. 2. However, while the Virginia service of process requirements were met, plaintiffs still cannot obtain default judgment until they comply with the remainder of the provision, which permits service by posting provided

> not less than 10 days before judgment by default may be entered, the party . . . mails to the party served a copy of such process and thereafter files in the office of the clerk of the court a certificate of such mailing . . . . In any civil action brought in a circuit court, the mailing of a copy of the pleadings with a notice that the proceedings are pending in the court indicated and that upon the expiration of 10 days after the giving of the notice and the expiration of the statutory period within which to respond, without further notice, the entry of a judgment by default as prayed for in the pleadings may be requested, shall satisfy the mailing requirements of this section . . . .

Va. Code § 8.01-296(2)(b).

Plaintiffs also contend that Johnson had actual notice of the action. Va. Code § 8.01-288 provides that "process which has reached the person to whom it is directed within the time prescribed by law, if any, shall be sufficient although not served or accepted as provided in this chapter." Plaintiffs argue that Johnson is responsible for his knowledge of the lawsuit because plaintiffs not only served him with a copy of the summons by posting but they also served Romney, his former attorney and co-defendant, who was under a duty to inform Johnson of the pending lawsuit. The magistrate judge sees no basis for such a finding.

Finally, without citation to any specific provisions, plaintiffs incorrectly assert that service was proper under Arizona law. Though defendant was served by posting at his Arizona residence, Arizona law does not provide for such service. Arizona Rule of Civil Procedure 4.1 governing service of process within Arizona contains no provision for service by posting and plaintiffs failed to otherwise follow the requirements of subsection (k) for alternative or substituted service. *See* 16 A.R.S. Rule 4.1(d), (k).

Therefore, the magistrate judge recommends that plaintiffs not be permitted to obtain default judgment until they comply with Va. Code § 8.01-296(2)(b).

## V.  Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiffs allege subject matter jurisdiction under 28 U.S.C. § 1332 based on complete diversity of citizenship and an appropriate amount in controversy. Plaintiffs are citizens of Virginia and New York, defendant is a citizen of Arizona, and the complaint seeks an amount in excess of $75,000, making subject matter jurisdiction proper.

Plaintiffs allege personal jurisdiction based on defendant Johnson's contacts with the state under Virginia's Long Arm Statute, Va. Code § 8.01-328.1. For the following reasons, the magistrate judge recommends a finding that venue is proper and that this court has personal jurisdiction over defendant Johnson.

Personal jurisdiction over a nonresident must both be authorized by Virginia law and comport with the due process requirements of the Fourteenth Amendment to the United States Constitution. *Consulting Eng'rs Corp. v. Geometric, Ltd.*, 561 F.3d 273, 277 (4th Cir. 2009). Virginia's general long-arm statute extends personal jurisdiction to the fullest extent permitted by due process. *Young v. New Haven Advocate*, 315 F.3d 256, 261 (4th Cir. 2002). To satisfy the requirements of due process, a defendant must have sufficient "minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945). To prevail, plaintiffs must show that the defendant "purposefully directed his activities at the residents of the forum and the litigation results from alleged injuries that arise out of those activities." *Burger King v. Ruadzewicz*, 471 U.S. 462, 472 (1985).

Here, plaintiffs do not allege sufficient contacts to establish general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984). However, plaintiffs do allege that defendant Johnson purposefully availed himself of the laws of Virginia and directed his activities at the state making the exercise of specific personal jurisdiction constitutionally reasonable. The magistrate judge agrees.

Under the Fourth Circuit's three-part test, the due process requirements of specific jurisdiction require the court to consider (1) "the extent to which the defendant purposefully availed [himself] of the privilege of conducting activities in the State;" (2) "whether the

6

plaintiffs' claims arise out of those activities directed at the State;" and (3) "whether the exercise of personal jurisdiction would be constitutionally reasonable." *Consulting Eng'rs Corp.*, 561 F.3d at 279.  Courts in the Fourth Circuit consider a variety of nonexclusive factors under the first prong including, in a business context, (1) whether the defendant reached into the forum state to solicit or initiate business; (2) whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; (3) the nature, quality and extent of the parties' communications about the business being transacted; and (4) whether the performance of contractual duties was to occur within the forum. *Id.* at 278.

Here defendant Johnson reached out and contacted DeLeonardis, a Virginia attorney living in Virginia, to represent him in a lawsuit previously filed in Arizona, the *Wanchuck* litigation.  Suppl. Mem. Supp. Default J. 3-4, No. 31; DeLeonardis Affid. 2, No. 31-1.  DeLeonardis worked on Johnson's case from 2009 until 2013, primarily from Virginia, and Johnson regularly contacted DeLeonardis while he was working in Virginia on the underlying litigation.  *Id.*  Johnson initiated the relationship with DeLeonardis and reached into Virginia seeking the provision of legal service reasonably expected to be and in fact largely performed in Virginia, therefore, even though the underlying litigation was based in Arizona, defendant Johnson purposefully availed himself of the benefits and protections of Virginia law sufficient to justify the exercise of personal jurisdiction.  *See English & Smith v. Metzger*, 901 F.2d 36, 39-40 (4th Cir. 1990) (finding defendant California attorney's intentional contacts with Virginia sufficient to meet due process where defendant initiated the relationship with plaintiff Virginia attorney, entered into contracts by virtue of his action taken in Virginia, and carried on a continuing relationship in Virginia).

Unlike dismissed-defendant Romney, with whom plaintiffs initiated a relationship in Arizona, defendant Johnson purposefully directed his activities at Virginia such that the exercise of jurisdiction comports with due process.[3] Because plaintiffs' claims arise out of those activities directed at Virginia, the exercise of personal jurisdiction would be constitutionally reasonable and the magistrate judge recommends a finding that defendant Johnson's contacts are sufficient to establish specific personal jurisdiction.[4]

Venue is also proper pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to plaintiffs' claims occurred in this judicial district.

## VI. Discussion and Findings

Turning to plaintiffs' claims, the complaint alleges breach of contract, repudiation of contract, tortious interference with a retainer agreement, and fraud against Johnson. In their motion for default judgment, plaintiffs seek damages of $130,000 under the Assignment of Claims, $70,000 in compensatory damages, trebled punitive damages, and $3,500 in attorneys' fees and costs.

Because the magistrate judge finds that the breach of contract count fully provides the only relief to which plaintiffs are entitled based on the allegations and evidence in the record, the other claims are not dealt with here.

First, the magistrate judge finds that Virginia law governs plaintiffs' contract claim. "Virginia adheres to the principle that the law of the place of performance governs questions

---

[3] In contrast, Romney responded to an Arizona-specific Craigslist post seeking local counsel for an Arizona lawsuit, the only connection to Virginia being the residency of one of the two clients, and did not conduct any work on the matter outside of Arizona. The district judge accordingly found that Romney did *not* reach into Virginia to initiate this business. *See* Mem. Op. 10-14, No. 17

[4] However, such a finding should be contingent on compliance with Va. Code § 8.01-296(2)(b) as discussed above.

arising in connection with the performance of a contract." *Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975) (citation omitted); *see also Day & Zimmerman, Inc. v. Challoner*, 423 U.S. 3, 4-5 (1975) (per curiam) (applying conflict of law rules of state in which federal court sits) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941)).

Here, it is apparent from the notary information on the signature pages of the Assignment of Claims that the agreement was executed in Arizona and New York and it is apparent from the face of the document that it contains no choice of law provisions, therefore the assignment is governed by the law of Virginia where plaintiff DeLeonardis substantially performed his end of the agreement.

Second, the magistrate judge finds that plaintiffs have established a claim for breach of contract under Virginia law. To prevail on a breach of contract claim under Virginia law, a plaintiff must demonstrate that the defendant (1) had a legally enforceable obligation to plaintiff, (2) which it violated or breached, (3) causing injury or damage to plaintiff. *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004). A legally enforceable obligation is shown by establishing an offer, acceptance, and valuable consideration. *See, e.g.*, *Montagna v. Holiday Inns, Inc.*, 269 S.E.2d 838, 844-45 (Va. 1980). Attached to plaintiffs' complaint is the signed agreement in which Johnson assigns to plaintiffs 65% of his claims and defenses in the underlying litigation in exchange for representation. Johnson has a legally enforceable obligation to plaintiffs and plaintiffs have a legally enforceable right to 65% of the value of Johnson's assigned claims. By refusing to authorize the transmittal of any part of the settlement value of his claims, Johnson has breached the contract causing injury to plaintiffs.

Third, the magistrate judge finds that defendant Johnson is liable to plaintiffs in an amount equal to 65% of the settlement value *to him* of the settled claims subject to the

assignment agreement.  The Settlement Agreement attached to the complaint provides that Johnson's claims were settled for a lump-sum payment of $200,000 to Johnson, Tightlines, Hirsch, DeLeonardis, and an entity named Group Angelil International Holdings, S.A. ("Angelil"), with the distribution to be determined by the parties.  The record shows that Johnson controls the "Tightlines" entity, but Angelil is unaccounted for.  Therefore, the dollar amount of the settlement value to Johnson under the assignment agreement cannot be determined based on the record before the magistrate judge.   The magistrate judge therefore cannot determine the final amount owing to plaintiffs based on defendant Johnson's assignment of his claims.

Fourth, the magistrate judge finds that plaintiffs have failed to sufficiently plead any other damages request.  In the supplemental briefing ordered by the court, plaintiffs note

> the basis for the amounts claimed in damages are the contractual amount of $130,000 plus costs and damages incurred by the Plaintiffs for over four years of litigation. The Plaintiffs provided costs and services to Johnson in litigating the underlying case for approximately four (4) years from October 2009 through the date of this pleading, hiring local counsel in the underlying case, paying for depositions and transcripts, paying for the cost of travel and general costs of contentious litigation.

Suppl. Mem. Supp. Default J. 6.  By requesting $70,000 in compensatory damages for costs and attorneys' fees incurred over four years of litigation in the underlying lawsuit, plaintiffs seek damages for services not at issue in the instant action.  Plaintiffs also neglect to provide any documentation in support of the requested amount.  As to punitive damages, plaintiffs simply assert they "have requested punitive damages due to the egregious and blatant nature of Johnson's illegal actions which justify punitive and treble damages of $600,000 ($200,000 x 3)." *Id.*  Because there is no allegation or evidence to support a claim for punitive damages under any theory pled in the complaint, the magistrate judge does not recommend such an award.

## VII.  Recommendation

Assuming that plaintiffs comply with Virginia law by giving defendant Johnson the necessary notice of a hearing, the magistrate judge recommends that default judgment be entered against defendant Johnson as to liability only, and that the court require an additional hearing on the amount of damages, i.e. the amount due to Johnson from the *Wanckuk* settlement of which plaintiffs' share is 65%.

## VIII.  Notice

By means of the court's electronic filing system, and by mailing a copy of this report and recommendation to defendant at his address for service of process, the parties are notified as follows.  Objections to this report and recommendation must be filed within fourteen (14) days of service on you of this report and recommendation.  A failure to file timely objections to this report and recommendation waives appellate review of the substance of the report and recommendation and waives appellate review of a judgment based on this report and recommendation.

/s/
Thomas Rawles Jones, Jr.
United States Magistrate Judge

May 5, 2015
Alexandria, Virginia